UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE SMITH,<br><br>    Petitioner,<br><br>        v.<br><br>NEIL McDOWELL,<br><br>    Respondent. | NO. EDCV 15-1844-VAP (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

As to Ground One based on the Confrontation Clause, Petitioner cites *Kirby v. United States*, 174 U.S. 47 (1899). However, the Supreme Court in *Kirby* did not address the specific question posed by Petitioner in this case, namely, whether a criminal defendant can be prohibited from making eye contact with a

child witness.  Instead, the *Kirby* decision addressed a situation in which a defendant was charged with, among other things, receiving property stolen from the United States. *Id.* at 53.  The sole evidence on the issue of whether the property was stolen from the United States was a record showing the conviction of the thieves found guilty of stealing the property. *Id.* at 53-54.  In that context, the Supreme Court found a violation of the Confrontation Clause and stated: "But a fact which can be primarily established only by witnesses cannot be proved against an accused – charged with a different offence for which he may be convicted without reference to the principal offender – except by witnesses who confront him at the trial, upon whom he can look while being tried, whom he is entitled to cross-examine, and whose testimony he may impeach in every mode authorized by the established rules governing the trial or conduct of criminal cases." *Id.* at 55, 60.  This language was quoted by the Supreme Court in *Coy v. Iowa*, 487 U.S. 1012 (1988), to support the proposition that "the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Id.* at 1016-17.  As the Report notes, the Supreme Court's decisions in *Coy* and *Maryland v. Craig*, 497 U.S. 836 (1990), addressed procedures under which the child witness testifies outside the physical presence of the defendant.  (Report at 24-26); *Coy*, 487 U.S. at 1014-15, 1020-21; *Craig*, 497 U.S. at 840-42, 846, 850-60.  By contrast, the child victims in Petitioner's case testified in his presence and were able to see him.

Petitioner further objects that the court's admonition to him, at one point, prohibited Petitioner not only from making eye contact but also from looking at the child victim.  According to the Report, the trial court did make one statement to that effect during the first portion of Doe 1's testimony.  (Report at 22.)  However, the trial court made clear the next day, before Doe 1 resumed testifying, that "it does not have to be like blinders [or] staring straight at me.  What I want to avoid

1 is any intense eye contact so that there is no perception on their part or your part
2 or my part or anybody's part that in any way their testimony is being influenced."
3 (Report at 22 (quoting RT 277).)  Petitioner stated he understood.  (*Id.*)  Doe 1
4 completed her testimony, followed by Doe 2 and Doe 3.  (Report at 22-23.)  The
5 state court concluded that Petitioner could see the witnesses and they could see
6 him, and any error was harmless.  (LD 16 at 25-26.)  The state court's decision
7 was not contrary to, or an unreasonable application of, clearly established federal
8 law and was not an unreasonable determination of the facts.
9      Petitioner's remaining objections are without merit.
10      IT THEREFORE IS ORDERED that judgment be entered denying the
11 Petition and dismissing this action with prejudice.

DATED: January 31, 2017

VIRGINIA A. PHILLIPS
Chief United States District Judge